1
2
3
4

Sydney Phillips
WSBA # 54295
c/o Freedom Foundation
PO Box 552
Olympia, WA, 98507
SPhillips@freedomfoundation.com
360-956-3482

HONORABLE THOMAS O. RICE

5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15
16

SLIDEWATERS, LLC,

         Plaintiff,

v.

WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES, and GOVERNOR JAY INSLEE, in his official capacity,

         Defendants.

No. 2:20-cv-00210

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**06/08/2020**
**Without Oral Argument**

17
18
19
20
21
22
23
24

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**No.** 2:20-cv-00210

i

## I. INTRODUCTION AND REQUESTED RELIEF

Slidewaters LLC ("Slidewaters"), by and through their counsel, move this Court for an Order temporarily restraining and enjoining the Washington State Department of Labor and Industries ("LNI"), an agency of the State of Washington, and Governor Jay Inslee ("Governor Inslee"), in his official capacity (collectively the "Defendants"), from applying and enforcing WAC 296-800-14035. Immediate and irreparable injury is both occurring and will continue against Slidewaters, as the Defendants seek to prohibit and fine Slidewaters for exercising their fundamental rights resulting in irreparable harm to their business activities.

Regrettably, COVID-19 has taken the lives of 1,135 Washington citizens, of a population of approximately 7.17 million citizens of Washington or 0.015% of Washington's population.[1] In response to this, Governor Jay Inslee has instituted unprecedented and draconian measures to compel citizens to stay in their homes, close businesses, and prevent businesses from operating in any capacity. Extending this power, LNI has passed a new section of the administrative code allowing it to penalize non-conforming businesses up to Ten Thousand Dollars ($10,000.00). This power is purportedly based upon the legislature's delegation of police powers to the Washington State Governor, and LNI's ability to make rules based thereon.

However, the Governor's actions are illegal and unenforceable, as are LNI's. The legislature has not delegated the authority to either the Governor of Washington or LNI to issue a state of emergency, or any of the rules that have followed the

---

[1] doh.wa.gov/Emergencies/NovelCoronavirusOutbreak2020COVID19/DataDashboard (last viewed, June 4, 2020 at 1;26 PM PST).

Governor's proclamations. Plaintiff, Slidewaters, seek a Temporary Restraining Order ("TRO") enjoining LNI from enforcing WAC 296-800-14035. They meet the requirements of obtaining a TRO, and this Court should grant it.

## II. STATEMENT OF FACTS

Plaintiff Slidewaters is a family owned water park in Lake Chelan in operation since 1983. ECF No. 1-4 at 2. Burke and Robert Bordner have owned and run Slidewaters since purchasing it in 2008. *Id.* Slidewaters employs nearly 150 seasonal employees every year, with ninety-five percent (95%) of these employees being between the ages of 14 and 25. *Id.* Slidewaters also employs year-round staff. *Id.* Slidewaters has a 100-day "season" each year, between Memorial Day and Labor Day. *Id.* at 3. This 100-day season is when Slidewaters makes nearly all of the income that sustains its business throughout the entire year. *Id*. These 100 days are critical for Slidewaters' survival.

On January 21, 2020, the first case of COVID-19 was confirmed in Washington State by the Washington State Department of Health. *Id*. On February 29, 2020, Governor Inslee proclaimed a State of Emergency for all counties in Washington (hereinafter, "Proclamation 20.05"). *Id*, *see also* **Exhibit A** to ECF No. 1-4 (hereinafter, "**Ex. A.**"). Governor Inslee issued the Proclamation pursuant to Chapters 38.08, 38.52, and 43.06, RCW. *Id.*, *see also* **Ex. A**. Governor Inslee proclaimed that COVID-19 is a "public disaster." *Id.* at 4, *see also* **Ex. A**. Governor Inslee proclaimed that the Washington State Comprehensive Emergency Management Plan be implemented. *Id.*, *see also* **Ex. A**. Governor Inslee additionally proclaimed that State agencies and departments are directed to utilize state resources

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER                             2
NO. 2:20-cv-00210

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1 and do everything reasonably possible to assist affected counties to respond to and
2 recover from COVID-19. *Id.*, *see also* **Ex. A**.

3     On May 26, 2020, LNI filed an Emergency Rule with the State of Washington
4 Office of Code Reviser. *Id.*, *see also* **Ex. C**. WAC 296-800-14035, "COVID-19
5 Prohibited Business Activities and Conditions for Operations," became immediately
6 effective under the Safety and Health Core Rules. *Id.*, *see also* **Ex. D**. This
7 emergency rule prohibits employers from allowing employees to perform work
8 where a business activity is prohibited by an "emergency proclamation." *See* **Ex. D**.
9 LNI posted a notice stating that "[i]f employers are found to be defying the
10 Governor's order, they'll be informed and directed to close or adjust operations
11 immediately. If they do not, they'll face a workplace safety citation that could carry
12 a fine of nearly $10,000 or more."[2] LNI cited Proclamation 20.05, along with RCW
13 49.17.010, 49.17.040, 49.17.050, and 49.17.060, as the bases for LNI's rule-making
14 authority to issue this emergency rule. *See* **Ex. C**.

15     On May 27, 2020 Inslee announced the expansion of "Safe Start –
16 Washington's Phased Reopening Plan," as Proclamation 20.05 was set to expire on
17 May 31, 2020. Governor Inslee, directly following the expiration of Proclamation
18 20.05, issued a new proclamation (hereinafter, "Proclamation 20-25.4")
19 (Proclamations 20-05 and 20-25.4 are hereinafter collectively referred to as the
20 "Proclamations"), on June 1, 2020. ECF No. 1-4 at 5-6, *see also* **Ex. E**. In

---

[2] *L&I News: Businesses ignoring pandemic closure orders can be cited and fined under emergency rules filed today*, (05/26/2020 02:42 PM PDT) https://content.govdelivery.com/accounts/WADLI/bulletins/28d7e64.

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
No. 2:20-cv-00210

3



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Proclamation 20-25.4, Inslee "continued" a State of Emergency for Washington State. *See* **Ex. E.** Proclamation 20-25.4 continues to utilize a four-phase plan for opening the State of Washington. The four-phase plan claims to be a "data-driven approach to reopen Washington and modify physical distancing measures while minimizing the health impacts of COVID-19."

Chelan County (where Slidewaters is located), is still in phase one of the governor's four-phase plan, as of the filing of the complaint and this motion for TRO.[3] Each county must, in accordance with the governor's plan, independently demonstrate that they meet a number of narrow and specific criteria to move into a new phase. Following the four-phase plan, Slidewaters, eligible to open in phase three, will likely be unable to open for the entirety of the 2020 season, destroying its anticipated revenues for the year. Slidewaters has lost 17 days of its open season and taken on additional debts to assist their business in sustaining itself during this prohibition. Slidewaters additionally runs the risk of being faced with an arbitrary and draconian fine of Ten Thousand Dollars ($10,000.00), should they choose to defy the Governor's Proclamations. There is no opportunity for Slidewaters to accurately or adequately recover any of the money or business it has lost so far, or pay to the debts it has already incurred. If it is forced to declare bankruptcy, it does not know if it can ever reopen.

### III.    STATEMENT OF THE ISSUE

Should this Court enter a TRO, enjoining Governor Inslee and LNI from prohibiting business activities and fining businesses for performing business

---

[3] https://coronavirus.wa.gov/what-you-need-know/covid-19-risk-assessment-dashboard (last viewed June 4, 2020 1:36 PM PST).

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
No. 2:20-cv-00210

4

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874
FREEDOM FOUNDATION

activities in Washington state, in violation of their respective authorities under Washington State law and the United States Constitution?

## IV.     ARGUMENT
### A. Standard for Relief

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing is held." *Hawai'I v. Trump*, 241 F.Supp. 3d 1119, 1133 (D. Haw. 2017). The analysis to granting a TRO or a preliminary injunction is "substantially identical" aside from the notice component. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Bruch & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To be granted a TRO or preliminary injunction the Plaintiff must demonstrate: (1) likelihood of success on the merits, (2) a likelihood of irreparable injury in the absence of preliminary relief, (3) that a balancing of the hardships weighs in Plaintiff's favor, and (4) that a preliminary injunction will advance the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit uses a "sliding scale" allowing for an injunction to be issued even if there are serious questions as to the merits, as long as the balance of hardships tips sharply in the Plaintiff's favor and the other two factors are present. *All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiff clearly and unequivocally meets the TRO standard.

### B. The Equities Tip Sharply in Slidewaters' Favor

The balance of equities severely impacts the extent to which Slidewaters must establish the odds of prevailing on the merits. *Id.* at 1135. Should the equities tip sharply toward Slidewaters, the Court should issue an injunction if Slidewaters establishes "serious questions going to the merits." *Id.* The Court should find the

balance of equities tip sharply in Slidewaters' favor.

The number one factor which implicates the equities in Slidewaters' favor is the ability for Slidewaters to open implementing and enforcing its "Clean & Safe" plan. Slidewaters through its Clean & Safe plan rule out any sick individuals before they enter the park, maintain social distancing, and provide additional sanitation throughout the park. This plan is more than grocery stores and restaurants do in Phases One and Two at the moment. There is no additional harm to the government as LNI will still be able to enforce its normal health and safety rules, and the citizens of Washington will be able to act as they do in grocery stores, daycares, restaurants, and other businesses throughout Washington.

Slidewaters has no manner to recover the costs which are being lost due to Inslee's proclamation and LNI's rule. Should Slidewaters be prevented from obtaining a TRO or injunction and be prevented from opening for much longer there may be no opportunity for the business to revive itself. LNI and Governor Inslee would not be harmed if Slidewaters is granted a TRO or injunction, and is able to practice the measures set forth in the Clean & Safe plan. As each county moves into new phases it becomes clearer that while life may not be exactly as it once was, we also need not quit the things once enjoyed all together. The inequity of allowing people to participate in life while abiding by certain health measures, while completely prohibiting other activities which are equally able to follow the recommended health measures cannot be reconciled.

**C. Plaintiff Demonstrates Serious Questions Going to the Merits, Even Demonstrating A Likelihood of Success Due to The Defendants' Violations of Their Fundamental Rights**

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER                       6
No. 2:20-cv-00210

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

FREEDOM FOUNDATION

1    Plaintiff shows serious questions going to the merits and is likely to prevail
2 on the merits as Defendants are violating their fundamental rights without authority.
3 The State and LNI substantially interfere with the Plaintiff's fundamental rights by
4 prohibiting and fining businesses for business activity, specifically the fundamental
5 rights to a common calling and to the use and disposition of property. Proclamations
6 20-05, 20-25.4 and WAC 296-800-14035 are all unauthorized efforts by the state to
7 regulate fundamental rights. The authority for the Proclamations and subsequent
8 WAC does not exist and as such present serious questions going to the merits and
9 present a likelihood of success.

10    The Governor has unlawfully issued a State of Emergency for the State of
11 Washington prohibiting businesses like Slidewaters from operating in any capacity.
12 Governor Inslee's authority to issue a state of emergency rests in RCW 43.06.010,
13 which only permits a state of emergency where there is a finding of public disorder,
14 disaster, energy emergency, or riot. COVID-19 is a pandemic which does not meet
15 any of the four permissible events for the Governor of Washington to issue a state
16 of emergency. WAC 296-800-14035, a rule promulgated by LNI on an emergency
17 basis from Governor Inslee's Proclamations, additionally prohibits and threatens the
18 imposition and enforcement of a $10,000 fine for violation of Governor's Inslee's
19 Proclamation. RCW 49.17.040 requires that LNI conform its rule-making to the
20 guidelines of the Administrative Procedure Act, *see* Chapter 34.05 RCW, which
21 presumes that an agency's rule-making authority is found in "implementing
22 statutes." RCW 43.22.051 limits LNI's rule-making authority by prohibiting LNI
23 from justifying a rule based solely upon the intent or purpose section of the statute
24

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER                          7
NO. 2:20-cv-00210

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

creating LNI, or upon an enabling provision in any other statute. LNI specifically stated that WAC 296-800-14035 is essentially "ensuring compliance with the [Governor's] Proclamation." *See* **Ex. C.** LNI has rule making authority pursuant to Chapter 49.17 RCW, but does not possess authority to issue a rule pursuant to a proclamation by a governor. Governor Inslee does not possess the authority to issue Proclamations based on COVID-19, and LNI does not have rule-making authority pursuant to a governor's proclamation, as such both present serious questions on the merits and demonstrate the likelihood of success by the Plaintiffs.

Further, the Chelan County Health Officials are the proper officials to address health concerns pursuant to Chapter 70.26 RCW. The Washington State Legislature has granted authority to "local health officers" at a county level to enforce all public health statutes, rules, regulations and ordinances, pursuant to RCW 70.05.070. The powers of local health officers are not to be usurped by the Secretary of Health at the state level "unless the local health office fails or is unable to do so, or when in an emergency the safety of the public health demands it, or by agreement with the local health officer or local board of health." RCW 43.70.130(7). Issuing health directives, and guidance to citizens of Washington following a pandemic is authority which is left to counties in Washington. 5.24 Governor Inslee, nor the Washington Secretary of Health, have been granted the authority by the Washington state legislature to issue proclamations, orders, or rules related to health concerns in the state of Washington.

### D. Plaintiff Will Suffer Irreparable Injury Without the TRO

In addition to demonstrating the tipping of equities and serious questions going

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER
NO. 2:20-cv-00210

8

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

FREEDOM FOUNDATION

to the merits, Plaintiff will suffer irreparable harm unless they receive the requested injunctive relief. As noted *supra*, Slidewaters cannot open based on the Governor's Proclamations and LNI's rule. Slidewaters is losing revenue every single day that it does not open, and is unable to pursue its fundamental rights—despite being able to do so in a manner still respecting the health and welfare of its patrons. ECF No. 1-4 at 7. Slidewaters relies upon the income it makes during the 100-day summer season to remain in business for the entire year. Without any income for the 100-day season Slidewaters will likely lose its business, or be forced to take on enormous debts to sustain its business. Slidewaters is now in active competition with out-of-state water parks that are open such as Silverwood in Athol, Idaho. *Id*. Slidewaters is seeing employees who rely on the seasonal income they make at Slidewaters seek employment elsewhere. *Id*. Plaintiffs find themselves in an unsustainable position with an unconstitutional choice: (i) continue to allow their business to die in front of them, in violation of their fundamental rights, potentially resulting in bankruptcy, or (ii) open, exercise their fundamental rights, and be fined by LNI pursuant to WAC 296-800-14035 with the potential of being unable to pay the fine and once again potentially resulting in bankruptcy. In all scenarios, Slidewaters loses, and LNI and Governor Inslee will have interfered with its fundamental rights, resulting in irreparable injury.

### E. A TRO Advances The Public Interest

In this case, the public interest supports preliminary injunctive relief. There is no need for this to be seen as an either-or choice between Governor Inslee, LNI and Slidewaters. The citizens of Washington have demonstrated that they are able to

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER                 9
NO. 2:20-cv-00210

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

lawfully respect the health and welfare of individuals in the State, while still pursuing activities such as grocery shopping, eating at a restaurant, attending church, and protesting. Similar to all of the other businesses which have been able to open so far, Slidewaters is prepared to protect the health, safety and welfare of its staff and guests. Slidewaters is not new to maintaining safety and sanitation at the park, and is prepared to have all guests and staff participate in their own personal health and safety.

## V. CONCLUSION

Slidewaters has demonstrated all necessary elements of a temporary restraining order and one should be granted immediately. Slidewaters demonstrates a clear tipping of equities in its favor, and serious questions going to the merits – even going as far as demonstrating a likelihood of success. To allow Governor Inslee to declare a State of Emergency prohibiting the exercise of fundamental rights without the authority to do so having been granted by the Washington State legislature, and to allow LNI to issue an emergency rule enforcing the State of Emergency and any following Proclamations by the governor, without being granted that rule making authority by the Washington State Legislature. There is little doubt that Slidewaters' fundamental rights are being irreparably injured by Governor Inslee and LNI, and will result in further loss of business, revenue, and the ability to ever exercise those rights if Governor Inslee and LNI are not enjoined from enforcement of WAC 296-800-14035 and Proclamations 20-05 and 20-25.4. The issuance of a TRO is in the public's interest.

1  DATED this 8th day of June, 2020.

2  By: _____
   Sydney Phillips, WSBA # 54295

3  Robert A. Bouvatte, Jr., WSBA # 50220
   c/o Freedom Foundation

4  P.O. Box 552 Olympia, WA 98507
   p. 360.956.3482 f. 360.352.1874

5  sphillips@freedomfoundation.com
   rbouvatte@freedomfoundation.com

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER                              11
No. 2:20-cv-00210

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

Dated: June 8, 2020

By: *[signature: Sydney Phillips]*
Sydney Phillips, WSBA # 54295
c/o Freedom Foundation
P.O. Box 552 Olympia, WA 98507
p. 360.956.3482 f. 360.352.1874
sphillips@freedomfoundation.com