1
2
3
4
5
6

Sydney Phillips
WSBA # 54295
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
SPhillips@freedomfoundation.com
360-956-3482

HONORABLE THOMAS O. RICE

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2020

SEAN F. MCAVOY, CLERK

7
8

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

9
10
11
12
13
14
15

SLIDEWATERS LLC,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, and GOVERNOR JAY INSLEE, in his official capacity,

    Defendants.

No. 2:20-cv-00210-TOR

**NOTICE OF APPEAL BY PLAINTIFF SLIDEWATERS LLC**

NOTICE IS HEREBY GIVEN that Plaintiff, Slidewaters LLC, appeals to the United States Court of Appeals for the Ninth Circuit, this Court's July 14, 2020, Judgment in a Civil Action [ECF No. 25] and this Court's Order Denying Preliminary and Permanent Injunction [ECF No. 24], and dismissing the case with prejudice, of the same date, incorporating Plaintiff Slidewaters LLC's Motion for Preliminary Injunction [ECF No. 10], Defendants' Response in Opposition to Plaintiff Slidewaters' Motion for Preliminary Injunction [ECF No. 18], and Plaintiff's Reply in Support of Motion for Preliminary Injunction [ECF No. 23]. The Judgment and Order are attached hereto.

DATED this 15th day of July, 2020.

By: _____
Sydney Phillips, WSBA #54295
Robert Bouvatte, WSBA #50220
Freedom Foundation
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874
SPhillips@freedomfoundation.com
RBouvatte@freedomfoundation.com



**DECLARATION OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system and that there are no additional parties to be notified. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 15th day of July, 2020, at Olympia, Washington.

            s/ Sydney Philllips
            Sydney Phillips, WSBA #54295

AO 450 (Rev. 11/11) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

| | |
|---|---|
| SLIDEWATERS LLC,<br>*Plaintiff*<br>v.<br>WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES and GOVERNOR JAY INSLEE, in his official capacity,<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:20-CV-0210-TOR |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ .

☑ other: Plaintiff's Complaint is dismissed with prejudice. Judgment is entered in favor of Defendants.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☑ decided by Judge THOMAS O. RICE on motion for Preliminary Injunction converted to a request for Permanent Injunction (ECF Nos. 10)

Date: July 14, 2020

*CLERK OF COURT*

SEAN F. McAVOY

s/ Linda L. Hansen
*(By) Deputy Clerk*

Linda L. Hansen

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SLIDEWATERS LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES and GOVERNOR JAY INSLEE, in his official capacity,<br><br>                    Defendants. | NO. 2:20-CV-0210-TOR<br><br>ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for Preliminary Injunction (ECF No. 10). This matter was considered without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Preliminary Injunction (ECF No. 10) is DENIED.

//

//

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 1

# BACKGROUND

## A. Procedural History

This case concerns Plaintiff's ability to operate its business while subject to state emergency restrictions put into place due to the COVID-19 pandemic. On June 4, 2020, Plaintiff filed the Complaint in Chelan County Superior Court. ECF No. 1-4. On June 8, 2020, Defendants removed the case to federal court. ECF No. 1. On that same date, Plaintiff filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 3. The Court considered the parties' briefing and, on June 12, 2020, denied Plaintiff's Motion for TRO. ECF No. 8. On June 26, 2020, Plaintiff filed the instant Motion for Preliminary Injunction. ECF No. 10. On July 6, 2020, the Court gave the parties notice that it intended to consolidate hearing on Plaintiff's Motion for Preliminary Injunction with a hearing on the merits, pursuant to Fed. R. Civ. P. 65(a)(2). ECF No. 17.

## B. Factual Background

The following facts are drawn from Plaintiff's Complaint and remain largely unchanged since the Court's consideration of Plaintiff's Motion for TRO, except where noted.

Plaintiff Slidewaters LLC is a family-owned waterpark in Lake Chelan, owned by cousins Burke and Robert Bordner. ECF No. 1-4 at 2, ¶ 4.1. Plaintiff employs approximately 150 seasonal employees and four year-round employees.

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 2

ECF No. 1-4 at 2, ¶¶ 4.5, 4.7.  Plaintiff operates seasonally for an approximately 100-day window that starts the Saturday prior to Memorial Day weekend and ends at Labor Day.  ECF No. 1-4 at 3, ¶¶ 4.8-4.9.  Plaintiff makes nearly all of its income that sustains its business throughout the year during this 100-day period.  ECF No. 1-4 at 3, ¶ 4.10.  Plaintiff depends on being open during this 100-day period to ensure that it can survive during the "off-season."  ECF No. 1-4 at 3, ¶ 4.13.  Plaintiff previously made a business decision to expand the park, with the goal of having the 2020 season recoup the money expended during the three-year expansion project.  ECF No. 1-4 at 3, ¶ 4.14.  Plaintiff has taken on substantial business debt for the expansion project in reliance upon being able to operate during the 2020 season.  *Id.*

On February 29, 2020, in response to the COVID-19 pandemic, Defendant Governor Jay Inslee proclaimed a State of Emergency for all counties in Washington, referred to as the "Stay Home, Stay Healthy" order, or "Proclamation 20.05."  ECF No. 1-4 at 3, ¶ 4.16.  Governor Inslee issued Proclamation 20.05 pursuant to RCW chapters 38.08, 38.52, and 43.06.  ECF No. 1-4 at 3, ¶ 4.17.  Governor Inslee proclaimed that COVID-19 is a "public disaster."  ECF No. 1-4 at 4, ¶ 4.19.  Governor Inslee also proclaimed that the Washington State Comprehensive Emergency Management Plan be directed, and that state agencies and departments were directed to utilize state resources and do everything

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 3

1 reasonably possible to assist affected counties to respond to and recover from
2 COVID-19. ECF No. 1-4 at 4, ¶¶ 4.22-4.23.

3 On May 4, 2020, Governor Inslee sent a letter to the Washington State
4 legislature requesting an extension of statutory waivers and suspensions ordered by
5 Proclamation 20.05. ECF No. 1-4 at 4, ¶ 4.24. On May 9, 2020, the four
6 legislative caucus leaders sent a letter in response to Governor Inslee, in which
7 they granted an extension of the requested proclamations until May 31, 2020,
8 pursuant to RCW 43.06.220(4). ECF No. 1-4 at 4, ¶ 4.25.

9 On May 26, 2020, Defendant Department of Labor and Industries ("LNI")
10 filed an emergency rule, WAC 296-800-14035, with the Washington Office of
11 Code Reviser. ECF No. 1-4 at 4, ¶ 4.26. The emergency rule states, "Employers
12 must not allow employees to perform work where a business activity is prohibited
13 by an emergency proclamation." ECF No. 1-4 at 26. The emergency rule cites, in
14 part, Proclamation 20.05 as the basis for its rulemaking authority. ECF No. 1-4 at
15 5, ¶ 4.28. LNI posted a notice on its website which stated, "If employers are found
16 to be defying the Governor's order, they'll be informed and directed to close or
17 adjust operations immediately. If they do not, they'll face a workplace safety
18 citation that could carry a fine of nearly $10,000 or more." ECF No. 1-4 at 5, ¶
19 4.29.

20

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 4

On May 31, 2020, Governor Inslee announced Proclamation 20-25.4, "Transition from 'Stay Home – Stay Healthy' to 'Safe Start – Stay Healthy' County-By-County Phased Reopening." ECF No. 1-4 at 31-35. Proclamation 20-25.4 utilizes a four-phase plan for opening the State of Washington. ECF No. 1-4 at 6, ¶ 4.36. Each county must, in accordance with the plan, independently demonstrate that they meet a number of specific criteria to move into a new phase. ECF No. 1-4 at 6, ¶ 4.41.

Chelan County was, as of the filing of the Complaint, in phase one of the four-phase plan. ECF No. 1-4 at 6, ¶ 4.40. Chelan County has since entered a "modified phase one," or "Phase 1.5." ECF No. 10 at 3. At the earliest, Plaintiff would be eligible to begin moderate operations in phase three of Proclamation 20-25.4. ECF No. 1-4 at 6, ¶ 4.39. Plaintiff has not yet been able to open for its 2020 season and expects it will unlikely be able to open for the entire 2020 season. ECF No. 1-4 at 6, ¶¶ 4.42-4.43. Plaintiff now faces increased competition from out-of-state water parks such as Silverwood's water park in Idaho, which opened on May 30, 2020. ECF No. 1-4 at 7, ¶ 4.48. Plaintiff has created a "Clean & Safe" plan for its water park to assist patrons, guests, and staff in being able to maintain cleanliness, health, and necessary social distancing measures. ECF No. 1-4 at 7, ¶¶ 4.49-4.50; *see* ECF No. 10-1. But for the Proclamations and the emergency rule, Plaintiff would be open for its normal season. ECF No. 1-4 at 8, ¶ 4.53.

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 5

On June 18, 2020, after the Court denied Plaintiff's Motion for TRO, a representative of the Chelan-Douglas Health District ("CDHD") inspected Plaintiff's COVID-19 safety manual and park facility and signed an inspection form stating that the "[f]acility is permitted to operate effective today 6/18/20." ECF No. 10 at 4. On June 19, 2020, the CDHD clarified that it did not have authority to override the Governor's orders, which did not permit operation of waterslide parks. ECF No. 19-1 at 6. Since the filing of this suit, COVID-19 cases continue to trend upward statewide. ECF No. 19-1 at 18. On July 8, 2020, Chelan County, where Plaintiff is located, reported 192.6 positive COVID-19 cases per 100,000 people in the prior two weeks. ECF No. 19-1 at 20.

## DISCUSSION

**A. Permanent Injunction Standard**

Pursuant to Federal Rule of Civil Procedure 65, the Court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). Rule 65 also states that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

To obtain a permanent or final injunction, a plaintiff must demonstrate: "(1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that

1 remedies available at law are inadequate; (4) that the balance of hardships justify a
2 remedy in equity; and (5) that the public interest would not be disserved by a
3 permanent injunction." *Indep. Training & Apprenticeship Program v. California*
4 *Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). Plaintiff must
5 satisfy each element for injunctive relief. "The standard for a preliminary
6 injunction is essentially the same as for a permanent injunction with the exception
7 that the plaintiff must show a likelihood of success on the merits rather than actual
8 success." *Id.* (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546
9 n.12 (1987)). Accordingly, the Court's analysis remains largely the same as if it
10 were considering the Plaintiff's original motion for preliminary injunction.

**B. Success on the Merits**

Plaintiff's Complaint raises claims that may be categorized by three main arguments: (1) Governor Inslee does not have the authority to issue the emergency proclamations; (2) LNI does not have authority to issue an emergency rule based on the Governor's unlawful emergency proclamations; and (3) Defendants' actions have violated Plaintiff's substantive due process rights. ECF No. 1-4 at 8-13, ¶¶ 5.1-5.42. Plaintiff's present legal arguments are largely identical to those raised at the TRO stage of the case. ECF No. 10 at 5-9.

//

//

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 7

*1. Governor's Authority*

Plaintiff argues that the Proclamations exceed Governor Inslee's statutory authority because the COVID-19 pandemic does not constitute one of the statutorily authorized purposes for which a governor may declare a state of emergency. ECF No. 10 at 5-7. Washington law allows a governor to proclaim a state of emergency "after finding that a public disorder, disaster, energy emergency, or riot exists within this state or any part thereof which affects life, health, property, or the public peace." RCW 43.06.010(12). "Public disorder, disaster, energy emergency, or riot" are all terms that are not otherwise defined in the statute.

As this Court previously explained, federal courts charged with interpreting a state statute should do so according to that state's principles of statutory interpretation. *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010). "Whenever [the court] faced with a question of statutory interpretation [it looks] to the plain meaning of the words used in the statute." *State v. Fjermestad*, 114 Wash. 2d 828, 835 (1990). "A nontechnical statutory term may be given its dictionary meaning; statutes should be construed to effect their purpose, and unlikely, absurd, or strained consequences should be avoided." *State v. Smith*, 189 Wash. 2d 655, 662 (2017). The dictionary meaning of "disorder" within the state of emergency statute is relevant here. The Oxford English Dictionary defines

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 8

1 "disorder" as a "disturbance of the bodily (or mental) functions; an ailment, disease." Oxford University Press, *disorder, n.*, OED Online (June 2020), https://oed.com/view/Entry/54859?result=1&rskey=LLoCgB&. Merriam-Webster similarly defines "disorder" as "an abnormal physical or mental condition." Merriam-Webster, *Disorder*, Merriam-Webster.com (May 16, 2020), https://www.merriam-webster.com/dictionary/disorder. The plain meaning of the governor's statutory authority to proclaim a state of emergency in the event of a "public disorder" clearly encompasses an outbreak of pandemic disease. RCW 43.06.010(12).

Plaintiff "disputes" the Court's prior plain meaning analysis and instead asserts that "disorder" should be interpreted generally to mean a lack of social cohesion or the presence of unruly behavior. ECF No. 10 at 5. However, "statutes should be construed so that all of the language used is given effect, and no part is rendered meaningless or superfluous." *City of Bellevue v. Lorang*, 140 Wash. 2d 19, 25 (2000) (internal quotation and citation omitted). If Plaintiff's proposed interpretation of "disorder" were adopted, it would render the statute's authorization of emergency declarations in the event of a "riot" superfluous. Plaintiff's argument is unpersuasive.

Plaintiff also contends that the Governor no longer retains emergency declaration powers because "order" has been restored. ECF No. 10 at 6-7.

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 9

1  Plaintiff's argument is in clear contradiction with the rising number of confirmed

2  COVID-19 cases in Washington.  *See* ECF No. 19-1 at 18-23.  Plaintiff's claim

3  that the Governor does not have the legal authority to issue an emergency

4  proclamation in response to the COVID-19 pandemic fails on the merits.

       *2.  LNI Rulemaking Authority*

6      Plaintiff's current argument regarding LNI's rulemaking authority cites to no

7  legal authority.  ECF No. 10 at 7.  Instead, Plaintiff frames LNI's rulemaking

8  authority as dependent on the Governor's emergency proclamation.  *Id.*  As

9  explained *supra*, Plaintiff's argument that the Governor does not have the authority

10  to issue the emergency proclamation fails.  Additionally, as the Court explained in

11  its Order Denying Plaintiff's Motion for TRO, LNI lawfully promulgated its rule

12  pursuant to its statutory authority under RCW 49.17.040 and 49.17.050, among

13  other provisions.  ECF No. 8 at 9.  Plaintiff's policy preference that LNI exercise

14  its authority in different ways does not establish a violation of LNI's rulemaking

15  authority.  ECF No. 10 at 7.  This claim fails on the merits.

       *3.  Substantive Due Process*

17      Plaintiff contends the Proclamations and emergency rule infringe on

18  Plaintiff's protected liberty interest in its right to pursue a common calling and to

19  use and dispose of private property.  ECF No. 3 at 7-9.  "The substantive

20  component of the Due Process Clause forbids the government from depriving a

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 10

person of life, liberty, or property in such a way that … interferes with rights implicit in the concept of ordered liberty." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (quotation and citation omitted); *see also Yim v. City of Seattle*, 194 Wash. 2d 682, 686 (2019) (unless Washington courts adopt "heightened protections as a matter of independent state law, state substantive due process claims are subject to the same standards as federal substantive due process claims.").

As the Court previously explained, it is well settled that state governments have the authority to enact "quarantine laws and 'health laws of every description'" pursuant to their police powers. *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 24-25 (1905). "[T]he liberty secured by the Constitution of the United States to every person within its jurisdiction does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint." *Id.* at 26. So long as a public health law is reasonable and not overly broad or unequally applied, it is permissible even where it infringes on other protected interests. *Id.* at 28.

Plaintiff argues that *Jacobson* is not applicable here because COVID-19 is not prevalent in Chelan County. ECF No. 10 at 8. Plaintiff's argument is unavailing for several reasons. First, Plaintiff's focus on Chelan County's infection rate is not persuasive because the emergency proclamation and the

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 11

Governor's authority to issue it are matters of statewide concern which are not considered on a county-by-county basis.  Second, the threat of COVID-19 clearly poses an ongoing risk to the people of Washington.  ECF No. 19-1 at 18-23.  Indeed, the full transcript of a public health official's deposition, which Plaintiff provides to support its argument that the risks posed by COVID-19 are low, actually supports the conclusion that COVID-19 poses serious individual and public health risks.  *See* ECF No. 10-2 at 19-44.  Case numbers continue to climb around Washington despite mitigating measures like social distancing, hand sanitizing, and mandates to wear facial coverings in public.  ECF No. 19-1 at 18-23.

Even if Plaintiff has identified a constitutionally protected interest[1] upon which the emergency proclamation infringes, the infringement is justified by the ongoing public health emergency caused by COVID-19.  *Jacobson*, 197 U.S. at 28.  That Plaintiff and a representative of the local health district believe that Plaintiff can operate its business in a way that minimizes the spread of COVID-19 does not establish that the Governor's emergency proclamation is unreasonable, overly

---

[1] The Court notes that Slidewaters LLC is the only named Plaintiff in this case.  Plaintiff cites no authority to establish that the identified constitutional interests extend to the LLC itself rather than the individual business owners.

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 12

broad, or unequally applied. *Id.* It is not the Court's role to second-guess the reasoned public health decisions of other branches of government. *Id.*

### C. Remaining Injunction Factors

The Court finds it is unnecessary to consider the remaining factors of irreparable injury, balancing of the equities, and the public interest. All of Plaintiff's claims fail on the merits, and Plaintiff is therefore not entitled to any injunctive relief regardless of how the other factors are weighed. Because Plaintiff's Complaint only seeks declaratory and injunctive relief based on legal arguments that this Court has rejected, the five claims raised in Plaintiff's Complaint are hereby dismissed with prejudice.

### D. Counterclaim Jurisdiction

Defendants' Answer raises a counterclaim under state law against Plaintiff. ECF No. 12 at 24-25, ¶¶ 9.1-9.7. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). After a case has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This case was removed to federal court on the basis of federal question jurisdiction over Plaintiff's federal constitutional claims. ECF No. 1 at 2. Because the Court has denied Plaintiff's requested relief on its federal constitutional claims, the Court has no basis to

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 13

exercise supplemental jurisdiction over Defendants' state law counterclaim and declines to do so under 28 U.S.C. § 1367(c). Because the basis for federal question jurisdiction has been dismissed, and because the parties are not alleged to be of diverse citizenship, there is no basis for continued federal subject-matter jurisdiction in this case. Consequently, this matter shall be remanded to state court. 28 U.S.C. § 1447(c).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 10), converted to a request for a Permanent Injunction, is **DENIED**. Plaintiff's Complaint is **dismissed with prejudice**.

2. This case is hereby **REMANDED** to Chelan County Superior Court for all further proceedings concerning Defendants' state law counterclaim (former Chelan County Superior Court No. 20-2-00389-04).

The District Court Executive is directed to enter this Order and Judgment for Defendants accordingly, furnish copies to counsel, <u>mail a certified copy of this Order to the Clerk of the Chelan County Superior Court</u>, and **CLOSE** the file.

**DATED** July 14, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION ~ 14